[635 NYS2d 271]

In the Matter of F. HOLLIS GRIFFIN, JR. (Admitted as FRANCIS H. GRIFFIN, JR.), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 18, 1995

APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Maryann Yanarella* of counsel), for petitioner.

*Sondra Holt,* New York City, for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding the respondent is charged with three allegations of professional misconduct. The Special Referee sustained all three charges. The petitioner moves to confirm the report of the Special Referee. The respondent cross-moves to confirm the report of the Special Referee and further moves to seal the record of the proceeding.

Charge One alleged that the respondent is guilty of neglecting a legal matter entrusted to him in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30). On or about December 2, 1986, Joseph W. Zayac died. Shortly thereafter, members of the Zayac family requested that the respondent probate the will of Joseph W. Zayac. Despite assurances to Mrs. Zayac and her son, the respondent failed to file a petition to have the will of Joseph W. Zayac admitted to probate.

Charge Two alleged that the respondent is guilty of engaging in conduct which adversely reflects on his fitness to practice law in violation of DR 1-102 (A) (8) (22 NYCRR 1200.3) by failing to communicate with his client. The respondent has failed to respond to requests from Mrs. Zayac and/or her son as to the status of their matter.

Charge Three alleged that the respondent is guilty of engaging in conduct which is prejudicial to the administration of justice and conduct which adversely reflects on his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3) by failing to cooperate with an investigation of the Grievance Committee. On or about May 13, 1994, the petitioner sent a copy of a complaint to the respondent with a transmittal letter requesting that he submit an answer to the complaint within 10 days of receipt. The letter advised that an unexcused failure to reply to the complaint constitutes professional misconduct independent of the merits of the complaint. The respondent failed to submit a written answer to the complaint. On or about June 6, 1994, a second letter, annexing a copy of the complaint, was sent to the respondent by certified mail, return receipt requested. This letter directed that the respondent submit an answer to the complaint within 10 days of receipt. The date of delivery on the return receipt is June 7, 1994. On or about June 20, 1994, the respondent requested, by phone, and was granted an extension to submit an answer to June 27, 1994. The respondent thereafter failed to submit an answer.

After reviewing the evidence, we find that the Special Referee properly sustained Charges One, Two, and Three. Accordingly, the petitioner's motion and the respondent's cross motion are granted.

In determining an appropriate measure of discipline to impose we have considered the compelling mitigation advanced by the respondent and the character testimony presented. Based on the aforesaid it is the decision of this Court that the respondent be censured for his misconduct.

We have also considered the respondent's arguments to seal the record of the proceeding, and the motion is granted to the extent that the portion of the record memorializing the respondent's mitigation is sealed.

MANGANO, P. J., BRACKEN, SULLIVAN, BALLETTA and ALTMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion to confirm the report is granted; and it is further,

Ordered that the respondent's motion to seal the record is granted to the extent that the portion of the record memorializing the respondent's mitigation is sealed; and it is further,

Ordered that the respondent, F. Hollis Griffin, Jr., is censured for his professional misconduct.